# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SANDRA HERRMAN,

    Plaintiff,

v.

WAL-MART STORES, INC., *et al*.,

    Defendants.

Case No. 2:09-cv-1027-LDG (PAL)

**ORDER**

    The plaintiff, Sandra Herrman, moves to continue the trial (#48).  The defendant, Wal-Mart Stores, Inc., opposes (#49).

    A review of the docket establishes that on January 5, 2011, the parties stipulated to vacate a mandatory settlement conference scheduled for January 12, 2011.  The parties recited that a settlement conference would not be the best use of judicial resources because the parties had recently attended a mediation, but could not resolve this matter because Herrman would be undergoing medical treatment within thirty days that could affect the value of the case.

    On January 25, 2011, the parties stipulated to continue the trial date, then scheduled for March 28, 2011, until June 20, 2011.  The parties recited that a continuance

was appropriate because then-counsel for plaintiff had a scheduling conflict and would be out of the country on a vacation. The Court continued trial to June 20, 2011.

On May 5, 2011, the parties stipulated to continue the trial date, requesting an additional 120 days. The parties recited that Hermann was receiving ongoing medical care and that until such time as her care is completed or there has been a determination of future care necessary, the parties could not fully evaluate damages for settlement discussions. The Court continued trial until January 23, 2012.

In her present motion, Herrman asks that the trial date be continued because Herrman informed her counsel that she is and will be receiving ongoing medical care and her prognosis is undetermined. She further suggests a continuation is appropriate to permit the parties to obtain additional medical documentation and explore possible mediation.

Herrman's request rests, in large part, upon a suggestion that additional medical documentation will allow the parties to explore mediation. Wal-Mart has indicated, however, that it would rather proceed to trial at this time. Further, Herrman has not offered the court any basis upon which to decide whether continuance is appropriate for ongoing medical care and an undetermined prognosis other than the plaintiff's representation to her trial counsel (who was recently assigned to this matter) that she is undergoing ongoing medical care and her prognosis is undetermined. The Court will not continue the trial based solely on the plaintiff's suggestion that she is receiving ongoing medical care and her prognosis is undetermined. As stated by the parties when they last requested a continuance, either plaintiff's care will continue to be ongoing or there will be a determination of the future care that is necessary. The parties requested an additional 120 days to allow this determination to be made. Accepting Herrman's representation that she is receiving ongoing medical care, the Court granted sufficient time for her to obtain a determination as to future care that is necessary. She has, in requesting the present

continuance, offered nothing other than her own conclusion that her prognosis is unknown. Absent from the record or her motion is any evidence or opinion from medical professionals or experts as to why a determination of future medical care could not be obtained since this matter was last continued.  Accordingly, for good cause shown,

THE COURT **ORDERS** that Plaintiff's Motion to Continue Trial (Second Request) (#48) is **DENIED**.

DATED this __49vj__ day of December, 2011.

_____
Lloyd D. George
United States District Judge

3